IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION



FILED

OCT 04 2019

Clerk, U S District Court
District Of Montana
Missoula

| | |
|---|---|
| LANICA LATRICE RAY,<br><br>Plaintiff,<br><br>vs.<br><br>TED HESS-HOMEIER; DONOVAN RUSSEL,<br><br>Defendants. | Cause No. CV 19-104-M-DLC-KLD<br><br><br>ORDER and FINDINGS AND RECOMMENDATION<br>OF U.S. MAGISTRATE JUDGE |

On June 18, 2019, Plaintiff Ray moved to proceed in forma pauperis with this action alleging violation of federal laws prohibiting discrimination on the basis of physical or mental disability. *See* Compl. (Doc. 2) at 6.

## I. Motion to Proceed In Forma Pauperis

Ray's motion adequately demonstrates that she is unable to pay costs that may be associated with this action. The $400.00 filing fee will be waived.

## II. Screening Requirement

Ray is proceeding in forma pauperis. The Court must review her complaint to determine whether it fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

Ray is also self-represented. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less

1

stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (internal quotation marks and citation omitted). Courts must briefly explain deficiencies that may be cured by amendment, *see Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012), but if a claim cannot be cured by amendment, "the court *shall* dismiss" it, 28 U.S.C. § 1915(e)(2) (emphasis added).

### III. Analysis

Ray contends that she made good-faith attempts to pay her rent but was evicted anyway. She submits exhibits, *see* Compl. Exs. (Doc. 2-2 at 1–28), showing that she paid $325.00 to a payee that appears to include Defendant Russel on February 5, March 5, April 4, and June 4, 2019. *See* Credit Union Statements (Doc. 2-2 at 3, 4, 5, 28).

But Ray's exhibits also show that, on April 29, 2019, the Missoula County Justice Court issued a summons requiring her to answer a complaint that had been filed against her. *See* Summons (Doc. 2-2 at 14). The corresponding complaint, bearing Case No. CV-2019-1202, alleged that, on March 20, 2019, Ray received seven days' notice that she must pay back rent in the amount of $1,175.00, plus $90.00 in late fees, or vacate the premises and remove her mobile home. *See* Complaint for Possession, Seven-Day Notice (Doc. 2-2 at 15–17).

Ray was ordered to answer the complaint within ten days of the date of the

summons, that is, on or before May 13, 2019. She did not timely respond. On May 17, 2019, Ray's default was entered, and the Justice of the Peace entered an order granting possession and a writ of assistance authorizing eviction. *See* Order (Doc. 2-2 at 6). Ray appeared twice thereafter in the Justice Court, on May 24 and May 30, 2019, *see* Order (Doc. 2-2 at 6–7); Answer (Doc. 2-2 at 18); Mot. to Stop Eviction (Doc. 2-2 at 21), but it was too late.

For better or worse, all litigation comes to an end, including eviction actions. Ray does not allege that she did not receive notice or did not have an opportunity to be heard or to dispute the amount owed. Her exhibits include a statement that she "thought if I didn't do anything the problem would just go away. . . . I was served my eviction papers at the end of April, and now it is almost the end of May." Address to Justice Beal (Doc. 2-2 at 19–20). The court documents she submits appear to be unremarkable records of the way an eviction action proceeds. The action concluded weeks before Ray filed this action and, at any rate, a federal court has no power to hear an appeal or to relitigate a civil action filed and concluded in state court. Even assuming Ray has a disability and is entitled to protections afforded by various federal laws, *see* Soc. Security Admin. Documents (Doc. 2-2 at 8–9, 11–13, 24–27), no federal law requires her landlord to carry her debt, and no federal law prevents her landlord's attorney from protecting his client's interests.

Ray had an opportunity to contest her eviction. The time for doing so came and went before she filed this action. The facts she alleges, and the facts the Court can gather from her exhibits, do not support an inference that the Defendants were at fault for Ray's failure to timely respond to the complaint for possession. Ray's complaint in this action should be dismissed for failure to state a claim on which relief may be granted.

## IV. Opportunity to Amend

The Court has considered whether Ray could state a viable claim if given an opportunity to allege additional facts. The facts she alleges simply do not support a cause of action. Her complaint cannot be cured by amendment.

Based on the foregoing, the Court enters the following:

## ORDER

Ray's motion to proceed in forma pauperis (Doc. 1) is GRANTED. The clerk shall waive the filing fee and edit the docket text to show that the Complaint (Doc. 2) is filed.

The Court also enters the following:

## RECOMMENDATION

1. The Complaint (Doc. 2, 2-1, 2-2) should be DISMISSED for failure to state a claim on which relief may be granted.

4

2. The clerk should be directed to enter, by a separate document, a judgment of dismissal.

3. The Court should CERTIFY, pursuant to Federal Rule of Appellate Procedure 24(a)(4)(B), that any appeal from the disposition in this case would not be taken in good faith.

### NOTICE OF RIGHT TO OBJECT
### TO FINDINGS & RECOMMENDATION
### AND CONSEQUENCES OF FAILURE TO OBJECT

Ray may object to this Findings and Recommendation within 14 days. *See* 28 U.S.C. § 636(b)(1).[1] Failure to timely file written objections may bar *de novo* review by the district judge and/or waive the right to appeal.

<u>Ray must immediately advise the Court of any change in her mailing address.</u> Failure to do so may result in dismissal of this action without notice to her.

DATED this 4th day of October, 2019.

*Kathleen L. DeSoto*
Kathleen L. DeSoto
United States Magistrate Judge

---

[1] This deadline allows a party to act within 14 days after the Findings and Recommendation is "served." Because Ray will be served by U.S. Mail, Federal Rule of Civil Procedure 6(d) allows three additional days after the period would otherwise expire.